IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DANIEL MALDONADO,

                                             OPINION AND ORDER

                Plaintiff,

                                    20-cv-501-bbc

      v.

KEVIN CARR,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Daniel Maldonado has brought this proposed civil action under 42 U.S.C. § 1983, alleging that defendant Kevin Carr violated his constitutional rights in conjunction with the 2007 revocation of plaintiff's probation and a polygraph examination administered prior to the revocation.  Plaintiff originally filed his complaint in the United States District Court for the Northern District of California, which transferred the case to this court on June 1, 2020.  Dkt. ##6-7.  Four motions are before the court:  (1) defendant's motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for plaintiff's failure to state a claim upon which relief can be granted, dkt. #19; (2) plaintiff's motion for court assistance in recruiting counsel to represent him, dkt. #18; (3) plaintiff's motion for temporary relief from registering as a sexual offender in his state of conviction pending his litigation in this court, dkt. #2; and (4) plaintiff's motion to amend his motion for temporary relief to include three additional state criminal cases against him, dkt. #11.

      For the reasons below, I am granting defendant's motion to dismiss plaintiff's complaint for failure to state a federal claim upon which relief may be granted.  Plaintiff's

1

remaining motions for temporary relief and for court assistance in recruiting counsel will be denied as moot.

OPINION

In 2002, plaintiff Daniel Maldonado was sentenced to five years of probation after he was convicted of two counts of causing a child to view sexual activity, in violation of Wis. Stat. § 948.055(1). Dkt. #1 at 198. In September 2007, plaintiff's probation was revoked shortly before it was to conclude. Dkt. #1 at 75, 198. Since then, plaintiff has filed numerous federal and state lawsuits relating to the revocation of his probation. He appealed his revocation in the state courts all the way to the Wisconsin Supreme Court, and as part of that process, raised many of the claims he asserts now. Dkt. #1 at 73, 75-77, 109, 136, 198-211, 225-26. The state appeal process concluded in November 2009, when the Wisconsin Supreme Court denied plaintiff's petition for review. Dkt. #1 at 73. In 2007, plaintiff filed suit in this court against the Department of Corrections, claiming, as he does in this case, that his constitutional rights were violated during the revocation process. Maldonado v. Wisconsin Dept.of Corrections, No. 07-cv-673, 2008 WL 4449983, at *2 (W.D. Wis. Mar. 6, 2008). Plaintiff also has filed seven unsuccessful petitions for habeas corpus relief under 28 U.S.C. § 2254 in this court, contesting the lawfulness of his probation revocation. See case nos. 08-cv-005, 08-cv-104, 08-cv-270, 08-cv-279, 08-cv-306, 08-cv-308 and 10-cv-90.

Plaintiff has filed a 72-page complaint, along with 162 pages of exhibits. Although plaintiff identifies nine grounds for relief, his allegations are verbose, confusing and

2

conclusory.  As defendant argues in his motion to dismiss, it is unclear from plaintiff's allegations how defendant, who was the Secretary of the Department of Corrections, personally violated plaintiff's rights.  To be liable under § 1983, an individual defendant must have caused or participated in a constitutional violation.  Hildebrandt v. Illinois Dept. of Natural Resources, 347 F.3d 1014, 1039 (7th Cir. 2003).  There is no vicarious liability under § 1983.  Zimmerman v. Tribble, 226 F.3d 568, 574 (7th Cir. 2000) ("[Section] 1983 does not allow actions against individuals merely for their supervisory role of others.").

Even if plaintiff had named the individuals responsible for the alleged violations of his rights, all of his § 1983 claims are barred by the applicable statute of limitations and will be dismissed for failure to state a claim upon which relief may be granted.  Jones v. Bock, 127 S.Ct. 910, 920-21 (2007) ("If the allegations [in a complaint] show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.").  For claims like plaintiff's brought under 42 U.S.C. § 1983, federal courts must use the statute of limitations governing personal injury actions in the state where the injury took place.  Wallace v. Kato, 549 U.S. 384, 387 (2007); Turner v. Racine City & County, No. 19-cv-852-jdp, 2020 WL 290948, at *1 (W.D. Wis. Jan. 21, 2020).  At the time plaintiff's probation was revoked, Wisconsin had a six-year personal injury statute of limitations.  Wis. Stat. § 893.53 (vers. eff. Jul. 1, 1980 to Apr. 4, 2018); Cannon v. Newport, 850 F.3d 303, 305-06 (7th Cir. 2017).  Plaintiff's appeal process concluded in November 2009, when the state supreme court denied his petition for review.  Therefore, by November 2009 at the latest, plaintiff knew or should have known about the violations

he alleges, but he did not file suit until more than 10 years later.  Hanson v. A .H. Robins, Inc., 113 Wis. 2d 550, 560, 335 N.W.2d 578, 583 (1983) (statute of limitations period begins to run either when injury discovered or should have been discovered with "reasonable diligence").

Plaintiff does not contest defendant's argument that he knew or should have known about the alleged violations by 2009, but he says that he was not able to file a lawsuit because of he suffered from a variety of health problems, including diabetes, the surgical removal of his thyroid gland and neuropathy.  However, I am not persuaded by plaintiff's attempt to make an argument for equitable tolling of the limitations period.  Even if plaintiff was in poor health, it is not plausible that he had no opportunity to file a complaint during the 10 plus years that have passed since his probation was revoked.  In fact, he managed to file in this court two civil rights actions in 2009 and a habeas petition in 2010.  See case nos. 09-cv-218, 09-cv-599 and 10-cv-90.

In addition, as I explained in my order dismissing his previous case brought under § 1983, case no. 07-cv-673, plaintiff cannot bring any claim challenging the validity or duration of a criminal conviction, sentence or revocation of probation and parole in an action under § 1983 unless he has prevailed in a habeas corpus proceeding challenging the conviction, sentence or revocation.  Heck v. Humphrey, 512 U.S. 477, 487 (1994); Williams v. Wisconsin, 336 F.3d 576, 579-80 (7th Cir. 2003) (applying Heck to "fact or duration" of parole); Knowlin v. Thompson, 207 F.3d 907, 909 (7th Cir. 2000) ("[A claim that] would necessarily imply the invalidity of [the prisoner's] Wisconsin parole revocation . . . cannot

4

be shown through a § 1983 suit.").  The rules of supervision or conditions of plaintiff's probation and parole are part of his sentence because they "define the perimeters of [his] confinement."  <u>Williams</u>, 336 F.3d at 579-80 ("It is because of these restrictions that parolees remain 'in custody' on their unexpired sentences and thus may initiate a collateral attack while on parole.").  <u>See also</u> <u>Drollinger v. Milligan</u>, 552 F.2d 1220 (7th Cir.1977) (applying <u>Heck</u> to conditions of probation).  Therefore, habeas corpus is the sole federal remedy when, as in this case, a ruling in plaintiff's favor would necessarily imply the illegality of his custody or the invalidity of his conviction or sentence.  <u>Heck</u>, 512 U.S. at 487.  The rule in <u>Heck</u> applies even if it is too late for plaintiff to seek collateral relief through a habeas petition, so long as plaintiff could have sought collateral relief earlier but failed to do so in a timely manner.  <u>Burd v. Sessler</u>, 702 F.3d 429, 436 (7th Cir. 2012).  Plaintiff has neither established the invalidity of his sentence by showing that he prevailed in a habeas corpus proceeding nor shown that he was unable to challenge his sentence in state court.  In fact, he has filed seven unsuccessful habeas petitions challenging his probation revocation, and it is unlikely that he would be permitted to file yet another.

Finally, plaintiff says that his claims are not limited to § 1983.  In count nine of his complaint, plaintiff alleges that he is seeking review of a Wisconsin Department of Corrections letter under the Administrative Procedure Act.  The June 10, 2019 letter, which is attached to plaintiff's complaint, explains why plaintiff meets the statutory requirements for lifetime registration as a sex offender.  However, the Administrative Procedure Act, 5

U.S.C. §§ 551(1) and 702, authorizes federal courts to review decisions only from federal agencies, not from any state court or state agency.

For all of these reasons, plaintiff's complaint must be dismissed.

ORDER

IT IS ORDERED that

1.   Defendant Kevin Carr's motion to dismiss plaintiff Daniel Maldonado's complaint, dkt. #19, is GRANTED.

2.  Plaintiff's motion for temporary relief pending appeal, dkt. #2, motion to amend his motion for temporary relief, dkt. #11, and motion for court assistance in recruiting counsel, dkt. #18, are DENIED as moot.

3.  The clerk of court is directed to enter judgment in favor of defendant and close the case.

Entered this 2d day of September, 2020.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge